[Crim. No. 685.   Department One. — May 21, 1901.]

THE PEOPLE, Respondent, v. THOMAS A. KELLY, Appellant.

CRIMINAL LAW — EVIDENCE — OCCURRENCE OUT OF DEFENDANT'S PRESENCE — ABSENCE OF CONSPIRACY. — Where there was no evidence of conspiracy between a defendant accused of crime and other persons, evidence of matters occurring between such persons, out of the defendant's presence, is inadmissible.

ID. — FILING OF FORGED BAIL BOND — READING OF CITY ORDINANCE TO JURY — PRESUMPTION — PREJUDICIAL ERROR. — Upon the trial of a defendant accused, under section 115 of the Penal Code, of filing a false and forged bail bond in a public office, the reading, by the court, to the jury, of a city ordinance prohibiting police-court clerks (including the defendant) from accepting bail-bonds outside of the city hall, which ordinance was violated by the defendant, is error, which must be presumed to be prejudicial to the defendant.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Henry C. Dibble, and Dibble & Dibble, for Appellant.

Tirey L. Ford, Attorney-General, and Henry A. Melvin, for Respondent.

CXXXIII. Cal.—1            (1)

GAROUTTE, J.— The defendant has been convicted of felony, under an indictment charging him with a violation of section 115 of the Penal Code, wherein it is provided that every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, or registered, or recorded under any law of this state, or of the United States, is guilty of a felony. By the indictment, defendant is charged with filing in a public office a false and forged bail bond.

The court will notice but two assignments of error relied upon for a reversal of this judgment. The first assignment is based upon the admission of a great mass of evidence as to occurrences taking place between one Wilson, a prisoner, and Wilson, his attorney, not in the presence of the defendant, and subsequent to the release of the prisoner from jail upon an order based upon the aforesaid false and forged bond. There appears to be no evidence, in the record, of any conspiracy existing between the defendant and the two Wilsons bearing upon the subject-matter of the crime here alleged; and for that reason all matters occurring without the presence of the defendant, between the Wilsons were inadmissible in evidence as in any way affecting his rights. There is an attempt made by the prosecution to show that the defendant was present in company with them, a short time after the release of the prisoner, but the attempt to show this fact is most feeble, and we deem the evidence wholly insufficient to establish it.

The trial court, in its instructions to the jury, read to them an ordinance of the city and county of San Francisco, wherein it is prohibited to the police court clerks (of which the defendant was one) to accept bail bonds outside of the limits of the city hall. It is conceded by the trial court, in an opinion attached to the record, that the reading of this ordinance to the jury was error upon its part, but it is asserted that in view of the fact that the evidence, aside from this ordinance, pointed conclusively to defendant's guilt, therefore the reading of it did no harm, and for that reason it was in no wise prejudicial to him. Questions of fact are essentially matters for the jury to pass upon, and it is not for this court, nor for the trial court, to say that any particular *quantum* of evidence absolutely points to defendant's guilt. That is a question resting alone with the jury, and neither this court nor the trial court has

the right to deprive the jury of its constitutional function in that regard. The court is at a loss to see the competency of this ordinance, even if it had been offered in evidence; and upon its face, when it came before the jury, it was clearly prejudicial to defendant's rights, for the bail bond accepted in this case was accepted without the limits of the city hall, and for that reason the act of the defendant was violative of this ordinance of the city. And the act being violative of the ordinance, it is impossible for the court to say that a showing of such violation of a city ordinance did not prejudice the defendant with the jury before whom he was being tried.

For the foregoing reasons the judgment and order are reversed and the cause remanded for a new trial.

Harrison, J., and Van Dyke, J., concurred.